# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-10-1023-M |
| | ) |
| JUSTIN JONES, and JOSEPH TAYLOR, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Complaint [Doc. #1] has been conducted pursuant to 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. 1915A. For the reasons set forth below, it is recommended that the Complaint be dismissed on grounds that Plaintiff has failed to state a claim upon which § 1983 relief may be granted. It is further recommended that the dismissal be counted as a "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g).

## I.  Plaintiff's Claims

Plaintiff was incarcerated at the Cimarron Correctional Facility at all times relevant to this action. Plaintiff contends that he was denied access to the courts in that he was unable to timely appeal the results of disciplinary actions. Plaintiff contends that he was placed in a restrictive housing unit and deprived of his personal property and legal materials which made him unable to attach copies of his misconduct reports to the appeals of disciplinary

actions. He states that he requested access to his legal materials from his case manager, Robert Apzle, in order to comply with the requirement to provide misconduct numbers on forms used for disciplinary appeals. He states that he did not get access to his legal materials and was forced to send the appeals without the misconduct numbers. When his legal property was returned, Plaintiff states that he sought an appeal out of time, but Debbie Morton denied his request. Plaintiff seeks expungement of the underlying misconducts.[1]

## II.     Standard for Dismissal of In Forma Pauperis Complaint

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismissal of a complaint filed *in forma pauperis* is proper for failure to state a claim upon which relief may be granted. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). *See also* 28 U.S.C. § 1915A(b)(1). As with a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

Because Plaintiff is proceeding *pro se*, his complaint must be construed liberally. *See id.* at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young*, 554 F.3d at 1256 (quotations and citation omitted).

---

[1] The relief Plaintiff appears to be seeking is in the nature of habeas relief and is not available in a civil rights action. *See Lusero v. Welt*, 223 Fed.Appx. 780, 784, 2005 WL 5302913, 4 (10th Cir. 2007) (proper avenue for seeking reinstatement of revoked good-time credits is a petition for habeas corpus, not a § 1983 suit); *Mcintosh v. United States Parole Commission*, 115 F.3d 809, 811-812 (10th Cir. 1997) (habeas action under 28 U.S.C. § 2241 is proper authority under which a prisoner may challenge deprivation of good-time credits).

**III.    Analysis**

"'To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Harris v. Champion*, 51 F.3d 901, 909 (10th Cir. 1995) (*quoting West v. Atkins*, 487 U.S. 42, 48 (1988).

The Supreme Court recently outlined pleading requirements necessary to state a claim in a civil rights action against a government official based on supervisory liability:

> Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution.

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1948 (2009).[2] Tenth Circuit law is consistent with *Iqbal*. It has long been the law in this circuit that § 1983 does not allow a plaintiff to hold an individual government official liable "'under a theory of respondeat superior.'" *Dodds v. Richardson*, 614 F.3d 1185, 1194-1196 (10th Cir. 2010) (*quoting Gagan v. Norton*, 35 F.3d 1473, 1476 n. 4 (10th Cir. 1994)). *See also Poolaw v. Marcantel*, 565 F.3d 721, 732 (10th Cir. 2009) ("[A] supervisory relationship alone is insufficient for liability under § 1983."). The Tenth Circuit has held that "[s]upervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional

---

[2]In *Iqbal*, the Plaintiff's claims were based on the actions of federal officials and was, therefore, brought pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The Court noted that the same principles apply to civil rights actions brought pursuant to § 1983.

rights." *Serna v. Colorado Dept. of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006). A plaintiff must establish "'a deliberate, intentional act by the supervisor to violate constitutional rights.'" *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996) (*quoting Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir.1992)).

In this case, Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's own description of the events leading to the filing of this action establishes that he named Defendants Jones and Taylor based solely on their supervisory positions within the department of corrections. Plaintiff has stated no facts to support a conclusion that either defendant committed a deliberate, intentional act resulting in violation of Plaintiff's constitutional rights:

> Director of D.O.C. Justin Jones is responsible because he is the boss and has the authority to change and correct this matter. He is accountable because he has the last and final say in all matters of D.O.C.
>
> Warden Joseph Taylor is responsible because he is the Warden of the facility where this all began and can also correct this matter, before it goes any further. He is responsible for the taking of 420 earn [sic] credit days[3] and for me needing access to the court in the first place.

Complaint at 2. These allegations fall short of establishing a plausible claim based on deliberate, intentional, and unconstitutional acts by these Defendants. It is therefore recommended that action be dismissed without prejudice for failure to state a claim upon which relief may be granted.

---

[3]As noted *supra* at note 1, reinstatement of earned credits is not a remedy available in civil rights actions.

## RECOMMENDATION

It is recommended that the Complaint [Doc. #1] be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim upon which § 1983 relief may be granted. The dismissal of this action should be counted as a "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g) after Plaintiff has exhausted or waived his right to appeal. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by December 3rd, 2010. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 12th day of November, 2010.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE